**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MANISH KUMAR,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-71241

Agency No. A089-127-173

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012**

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Manish Kumar, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the implausibility of Kumar's testimony that he was unaware of problems in Punjab between the police and members of the Akali Dal Mann political party. *See Chebchoub v. INS*, 257 F.3d 1038, 1044 (9th Cir. 2001). The record also lacks corroboration for Kumar's claim that the Akali Dal Mann party and police are linked and his claim that Akali Dal Mann party members, and members of the Hindu group Shiv Sena, target members of Kumar's Nirankari faith. *See Aden v. Holder*, 589 F.3d 1040, 1044-45 (9th Cir. 2009); *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000) ("[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application."). Accordingly, Kumar's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). In light of our conclusions regarding Kumar's lack of credibility, Kumar's humanitarian asylum claim necessarily fails. *See Wang v. BIA*, 437 F.3d

270, 275-76 (9th Cir. 2006) (remand would be futile when the reviewing court can confidently predict the outcome).

Because Kumar's CAT claim is based on the same evidence the agency found not credible and uncorroborated, and he points to no other evidence showing it is more likely than not he will be tortured if returned to India, his CAT claim also fails. *See Farah*, 348 F.3d at 1156-57; *see also Aden*, 589 F.3d at 1047.

**PETITION FOR REVIEW DENIED.**